UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN IVAN KOCAK,<br><br>                              Petitioner,<br><br>v.<br><br>M.E. SPEARMAN, Warden,<br><br>                              Respondent. | Case No.:  15cv2815 JAH (JLB)<br><br>**REPORT AND RECOMMENDATION GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>[ECF No. 11] |

This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**I.   INTRODUCTION**

Petitioner John Ivan Kocak ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1, hereinafter "Pet.".)  Before the Court is Respondent's Motion to Dismiss on the ground that the Petition is barred as untimely by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitation under 28 U.S.C. § 2244(d). (ECF No. 11.) Petitioner filed an opposition to the motion to dismiss, arguing his case should be considered on the merits because he recently learned of the information that forms the basis of his claim. (ECF No. 17.) The Court directed Respondent to lodge additional records in support of its Motion to Dismiss, and Respondent complied.[1]  (*See* ECF No. 26.)

---

[1] Thereafter, Petitioner filed an Opposition to Notice of Supplemental Lodgment. (ECF No. 28.) Although filed without leave of court, the Court reviewed the opposition filed.  Petitioner argues that "pertinent exculpatory evidence [was] with-held in the instant case" and "clear and convincing evidence shows this court, that [Ms.] Lawson [embellished] . . . evidence in question" and attaches exhibits purportedly in

1  The Court, having reviewed the Petition, Respondent's Motion to Dismiss, the Opposition, and the state court records filed, concludes that the Petition is barred as untimely. Accordingly, the Court **RECOMMENDS** that Respondent's Motion to Dismiss (ECF No. 11) be **GRANTED**.

## II.  BACKGROUND

In 1996, Petitioner was tried and convicted of burglary, robbery, various sex crimes, false imprisonment and vehicle theft. He was sentenced to life in prison. (ECF No. 12–5 at 1.) In 2015, Petitioner filed the instant Petition in this district seeking habeas corpus relief and alleging that "false evidence that was substantially material or probative on the issue of guilt was introduced at his trial." (*Id.*) Specifically, Petitioner contends he should be granted habeas relief because he recently learned that the prosecution's expert witness at trial, Ms. Patricia Aiko Lawson, presented false DNA evidence and the jury believed her to be credible. (Pet. at 6.) He further alleges she was not credible because at the time of Petitioner's trial, Ms. Lawson was under investigation and she was later convicted of fraud, embezzlement, and falsification of evidence, which the jury never knew about. (*Id.*) Petitioner contends his constitutional right to a fair trial was violated as Ms. Lawson's conviction raises questions as to her trial testimony. (*Id.*)

This is not the first time Petitioner has raised Ms. Lawson's conviction in the context of a petition for writ of habeas corpus. (ECF 26–1 at 17-19.) In 1999, Petitioner moved for habeas corpus relief alleging, among two other grounds, the same ground set forth above—his right to a fair trial was violated because the criminal conviction of the Prosecution's expert witness shows she was not credible and presented false evidence against Petitioner. (*Id.*)[2]

---

support of his arguments. (*Id.* at 1-2, 9, 28, 39.) The opposition does not address, and is not probative to, the present issue concerning the one-year limitation period.

[2] In the 1999 habeas proceedings, Petitioner supplemented his 1999 Petition with an Amended Report of Laboratory Examination dated November 20, 1995 and a jury verdict form. (ECF 26–1 at 11-14.) According to Petitioner in the 1999 proceedings, the report purported to show that the DNA that Ms. Lawson testified linked Petitioner to one of the victims did not match Petitioner's DNA. (*Id.* at 11-12.)

## III. PROCEDURAL HISTORY

Petitioner appealed his 1996 conviction, and on March 18, 1998, the California Court of Appeal affirmed. (*See* ECF No. 26–3 at 24-62.) Petitioner completed his direct appeal to the California Supreme Court, which denied review on June 24, 1998. (ECF No. 12–2.)

Petitioner filed a petition for writ of habeas corpus ("1999 Petition") in the Superior Court of California, County of San Diego on June 15, 1999. (ECF No. 26–1 at 17-19.) Petitioner raised three grounds: (1) his due process rights were violated by the failure to conduct a new DNA test; (2) his counsel was ineffective; and (3) during his trial, an expert witness who was under investigation for multiple felony counts and was later convicted, falsified DNA evidence against him. (*Id.*) The Superior Court denied relief on July 8, 1999. (*Id.*)

On July 22, 1999, Petitioner appealed this denial to the California Court of Appeal. (*See* ECF No. 26–1 at 1-10.) The Court of Appeal denied relief on the merits on November 24, 1999, reasoning:

> Petitioner's claim of prosecutorial misconduct . . . is now barred because he failed to make an objection at trial (*People v. Gionis* (1995) 9 Cal. 4th 1196, 1215) and failed to raise the issue on appeal (*In re Harris* (1993) 5 Cal. 4th 813, 829). As to petitioner's claim of ineffective assistance of counsel, . . . Petitioner has not demonstrated that his attorney failed to perform as reasonably competent and diligent counsel or petitioner was deprived of a potentially meritorious defense when counsel did not obtain another DNA test before trial. (*See People v. Pope* (1979) 23 Cal. 3d 412, 425.) With respect to petitioner's claims regarding Lawson's subsequent convictions of crimes related to her work, petitioner's argument likewise fails. . . The DNA evidence was not essential to the case and calling it into question does not undermine the prosecution's entire case. Even without Lawson's DNA testimony the evidence against petitioner was more than sufficient to convict petitioner.

(ECF No. 26–2 at 1-2.)

---

The jury verdict form was allegedly from Ms. Lawson's criminal trial in 1998, showing her conviction for four felony counts, including embezzlement. (*Id.* at 13-14.)

Petitioner then filed an appeal on December 20, 1999 with the California Supreme Court. (ECF No. 26–3 at 1-16.) The Supreme Court denied relief, without comment, on March 29, 2000. (ECF 26–4 at 1.) Petitioner did not appeal this decision by way of filing a federal habeas corpus petition and did not bring another action challenging his conviction for over *fifteen years*.[3]

On February 15, 2015, Petitioner filed a petition for writ of habeas corpus on false evidence grounds with the Superior Court of California, County of San Diego. (ECF No. 26–7 at 3.) Petitioner's basis for relief, as explained by the Superior Court, was the denial of the right to a fair trial because false evidence that was substantial and probative to the issue of guilt was used against him during trial. (*Id*.) In his 2015 petition to the Superior Court, Petitioner alleged the delay in filing for habeas relief was because "Petitioner wasn[']t aware the Expert for the Prosecution was a criminal nor was Petitioner aware she was convicted of criminal activities." (*Id*. at 6.)

The Superior Court denied his 2015 petition on March 31, 2015, for two reasons. (ECF No. 26–8 at 3.) First, the court denied relief because Petitioner failed to "set forth a prima facie statement of facts which would entitle him to habeas corpus relief," stating that "[m]ere conclusory allegations made without any support do not warrant relief, let alone an evidentiary hearing." (*Id*.) Second, the court denied relief because the claim was successive, holding:

> [Petitioner] filed a writ with the Court of Appeal in 1999, wherein he raised the same claim argued in this petition . . . . Petitioner did not present any grounds for this court to reconsider a claim previously heard and denied. As such the petition is procedurally deficient as successive and duplicative.

(*Id*. at 4.)

On May 28, 2015, Petitioner appealed this denial to the California Court of Appeal. (ECF No. 12–4 at 2-3.) The Court of Appeal denied Petitioner's appeal as untimely. (ECF

---

[3] Petitioner did file a petition for writ of habeas corpus on July 18, 2014, but it was to reduce and/or vacate restitution fines. (*See* ECF No. 26–5.)

No. 12–5 at 2.) The Court of Appeal held that "his petition, filed nearly *19 years after* he was sentenced, and more than 17 years after the earliest newspaper article attached to the petition, *without any explanation* for the delay, is *barred* as *untimely*." (*Id*. at 1 (emphasis added).) In addition, the Court of Appeal ruled on the merits, holding that "[Petitioner] must show the technician's testimony [Ms. Lawson] was objectively untrue and was of such significance that had it not been introduced[,] there is a reasonable probability of a different result. [He] has made no such showing." (*Id*. at 1-2.)

Petitioner appealed the Court of Appeals decision to the California Supreme Court. In his petition before the Supreme Court, he once again raised the ground that his right to a fair trial was violated by Ms. Lawson's presentation of purportedly false evidence. (ECF No. 12–7 at 1 and 3.) This petition was denied on October 14, 2015. (ECF No. 12–6 at 1.) The Supreme Court did not provide a reasoned decision, but listed two cases as the basis for its denial: *In re Robbins*, 18 Cal.4th 770, 780 (1998) and *In re Miller*, 17 Cal.2d 734, 735 (1941). (*Id*.)

Lastly, on December 14, 2015, Petitioner filed the Petition—his first federal habeas petition challenging his conviction—alleging the same false evidence ground for relief as his 1999 and 2015 state court petitions. (*See generally*, Pet.) On February 3, 2015, the Court provided Petitioner with a Notice Regarding Possible Failure to Exhaust and One-Year Statute of Limitations. (ECF No. 6.) On June 9, 2016, Respondent filed a motion to dismiss on a single ground that all claims are barred by AEDPA's one-year statute of limitation. (ECF No. 11.) Accordingly, this Court's analysis focuses on whether dismissal is appropriate on this ground only.

**IV.   ANALYSIS**

Federal habeas corpus petitions are governed by AEDPA's one-year statute of limitation. 28 U.S.C. § 2244(d)(1). AEDPA, enacted on April 24, 1996, applies to convictions finalized thereafter. As to convictions that became final before the enactment of AEDPA, the limitation period is deemed to have started running on the statute's date of enactment. *Calderon v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 128 F.3d 1283 (9th

Cir. 1997).  Pursuant to 28 U.S.C. § 2244(d)(1), the one-year limitation begins at the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  In most cases, the one-year period runs pursuant to subsection (A), the date on which the judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

When an appeal is filed with the California Supreme Court and the petitioner does not seek relief from the United States Supreme Court, the conviction becomes final the day after the expiration of time to file a petition for *certiorari* in the United States Supreme Court, which is 90 days after the California Supreme Court denies the petition for review. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 2002); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Here, Petitioner appealed his conviction to the California Supreme Court and received a decision from that court on June 24, 1998.  He did not file a petition for certiorari with the United States Supreme Court.  (Pet. at 2; Case No. S069749.)  Therefore, Petitioner's limitation period began to run on September 25, 1998, 90 days after Petitioner completed his direct review on June 24, 1998.  (*Id.*)  Petitioner filed the instant Petition on December 14, 2015, nearly seventeen years later. (Pet. at 1.)  Thus, pursuant to subsection (A) of § 2244(d)(1), the Petition is untimely unless he can show that he is entitled to statutory tolling, a delayed start date, or equitable tolling.

### A. Statutory Tolling

As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on AEDPA's one-year limitation period, he bears the burden of demonstrating that limitation period is sufficiently tolled under statutory and/or equitable principles. *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) *overruled on other grounds* by *Pace v. Diglielmo*, 544 U.S. 408, 418 (2005); *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004) (holding the petitioner has the burden of demonstrating tolling facts). Petitioner fails to make such a showing.

Section 2244(d)(2) provides for statutory tolling for the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The time when a qualifying application is pending shall not be counted toward any period of limitation under this subsection." *Id*. Tolling applies under section 2244(d)(2) to one full round of collateral review. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Here, Petitioner's 1999 petitions were properly filed and the times during which those petitions were pending do not count toward the one-year statute of limitation period. Petitioner began his state collateral review by filing his 1999 Petition with the California Superior Court, County of San Diego on June 15, 1999. (ECF No. 26–1 at 17.) Petitioner, as previously mentioned, completed his state collateral review when the California Supreme Court denied him relief on March 29, 2000. (*See* ECF No. 26–4.) Petitioner's limitation period, under AEDPA, was tolled during this first round of state collateral proceedings. Thus, pursuant to AEDPA, Petitioner had until March 30, 2001 to file a federal petition.

Again, Petitioner did not file a federal petition (the instant Petition) until 2015. Under section 2242(d)(2), Petitioner cannot rely on his second round of state collateral review to revive his one-year limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that AEDPA does not "permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was

timely filed); *see also Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (maintaining a state application for post-conviction relief does not revive the one-year limitations period if such period has expired). Therefore, Petitioner's second round of state collateral review, does not revive or restart AEDPA's one-year limitation period that expired nearly *fourteen years* earlier.

Therefore, the Petition is barred as untimely under AEDPA, unless a delayed start date or equitable tolling is applicable.

## B.     Delayed Start Date

As set forth above, AEDPA's one-year statute of limitation period begins at the latest of four possible dates, each outlined in subsections (A) through (D) of 28 U.S.C. § 2244 (d)(1). Subsection (A), discussed above, provides for a start date of September 25, 1998. Subsections (B) and (C) do not apply to this case, and Petitioner does not allege or argue otherwise.[4] Accordingly, the Court turns to whether the application of subsection (D) results in a delayed start date for Petitioner's limitation period.

Section 2244 permits a later start date if the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). The due diligence time frame begins when one knows or "through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012); *see also Reed v. McGrath*, 343 F. 3d 1077, 1082 (9th Cir. 2003). Determining whether one was "diligent" is an objective standard that considers the petitioner's circumstances. *Ford*, 683 F. 3d at 1235.

Petitioner did not directly address the untimeliness of his 2015 Petition in the context of subsection (D). However, the Court generously construes his allegation that he recently

---

[4] Subsections (B) and (C) are not applicable to the current matter. As to subsection (B), Petitioner has not alleged a state-action impediment prevented him from filing, nor *could* he allege an impediment as he previously filed Petitions in 1999. (*See* ECF No. 26–1 at 12; 26–2 at 2; and 26–3 at 4-5.) As to subsection (C), Petitioner has not alleged a newly recognized constitutional right. (*See generally* Pet.)

learned of Ms. Lawson's conviction to mean that he believes his one-year statute of limitation period should begin to run in 2015 when he purportedly first learned the information about Ms. Lawson's conviction.  Thus, the issue before the court is whether Petitioner has met his burden to show subsection (D) applies to save Petitioner's otherwise untimely petition from dismissal.

Here, the Court concludes the Petition does not qualify for a later start date under subsection (D) of section 2244 and is, therefore, barred as untimely.  In his filings, Petitioner completely ignores that his own court filings show that the factual predicate of the Petition (filed in 2015) was known to him in 1999.  In contravention of the factual record, he contends:

> Petitioner['s] knowledge of [Ms.] Lawson's downfall from grace, only became available to him just recently.  Logic would dictate, that Petitioner would have utilized the aforementioned information to his benefit [as] soon as he became aware of it.  There is absolutely no reason for Petitioner not to have addressed information that would have been crucial to establishing his actual innocence before the court.

(ECF No. 17 at 6.)  He also provides a sworn affidavit in support of his position, which again alleges he recently learned of this information from his wife.  (*See* ECF No. 22.)

Petitioner's contention that he recently discovered information about Ms. Lawson's conviction is preposterous in light of his previous petitions.  Throughout 1999, Petitioner filed petitions in state court alleging that he had evidence Ms. Lawson was not a credible witness because she was found guilty of various crimes, including embezzlement, and presented false evidence. (ECF No. 26–1 at 12; 26–2 at 2; 26–3 at 4-5.)  It follows that by 1999—sixteen years prior to filing the Petition—Petitioner knew the factual predicate for the claims he again asserts in the Petition.

Thus, as his previous petitions from 1999 illustrate, Petitioner was aware of Ms. Lawson's "criminal activities" as early as 1999 and, therefore, his claim that he recently discovered this evidence is without merit.  Consequently, subsection (D), does not save Petitioner's untimely petition.  Accordingly, Respondent's Motion to Dismiss (ECF No.

11) should be granted as the Petition is barred by AEDPA's one-year statute of limitation, unless Petitioner can show equitable tolling is applicable.

### C. Equitable Tolling

As stated above, once a petitioner is notified that his petition is subject to dismissal based on AEDPA's one-year limitation period, he bears the burden of demonstrating that limitation period is sufficiently tolled under statutory and/or equitable principles. *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) *overruled on other grounds* by *Pace v. Diglielmo*, 544 U.S. 408, 418 (2005); *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004) (holding the petitioner has the burden of demonstrating tolling facts). Petitioner fails to make such a showing.

Petitions filed under Section 2244(d) may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace*, 544 U.S. at 418. The Ninth Circuit has found equitable tolling appropriate only in rare circumstances that truly rise to the level of extraordinary.

Here, Petitioner's contention that he recently learned of Ms. Lawson's conviction cannot be credited based on the record for this case. There is no "extraordinary circumstance" before the Court to warrant the applicability of equitable tolling to the Petition. Therefore, equitable tolling does not apply, and Respondent's Motion to Dismiss should be granted.

### V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an order: (1) approving and adopting this Report and Recommendation, and (2) granting Respondent's Motion to Dismiss the Petition (ECF No. 11) with prejudice.

**IT IS ORDERED THAT** any party to this action may file written objections with the District Court and serve a copy on all parties no later than **December 12, 2016**. The document should be captioned "Objections to Report and Recommendation."

1     **IT IS FURTHER ORDERED THAT** any reply to the objections shall be filed with the District Court and served on all parties no later than **December 27, 2016**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

    **IT IS SO ORDERED.**

Dated:  November 19, 2016

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge