UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Ivan Kocak,<br><br>                                    Petitioner,<br><br>v.<br><br>M.E. Spearman, Warden,<br><br>                                    Respondent. | Case No.  15-cv-02815 JAH(JLB)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS [Doc. No. 33]; ADOPTING THE REPORT AND RECOMMENDATION [Doc. No. 30] AND GRANTING RESPONDENT'S MOTION TO DISMISS [Doc. No. 11]** |

## <u>INTRODUCTION</u>

Petitioner John Ivan Kocak ("Petitioner"), a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. (<u>See</u> Doc. No. 1). Pending before the Court is Respondent's Motion to Dismiss on the ground that Petitioner's claim is barred as untimely under 28 U.S.C. § 2244(d), the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations. (<u>See</u> Doc. No. 11). The Honorable Jill L. Burkhardt, United States Magistrate Judge, issued a Report and Recommendation ("Report"), recommending the Court grant Respondent's Motion to Dismiss. (<u>See</u> Doc. No. 30). Petitioner filed objections to the Report. (<u>See</u> Doc. No. 33). After a careful consideration of the parties' submissions, along with the entire record of

this matter, this Court **OVERRULES** Petitioner's objections, **ADOPTS** the magistrate judge's report, and **GRANTS** Respondent's motion to dismiss.

## BACKGROUND

On May 3, 1996, a jury in San Diego County Superior Court convicted Petitioner of burglary, robbery, various sex crimes, false imprisonment, and vehicle theft. (See Lodg. 12-5 at 1, 12-7 at 2). Petitioner was sentenced to life in prison. Id. Petitioner appealed his conviction. (See Lodg. 26-3 at 24). On March 18, 1998, the California Court of Appeal affirmed. Id. On June 24, 1998, the California Supreme Court denied review. (See Lodg. 12-2).

Petitioner filed a petition for writ of habeas in the Superior Court of California, San Diego County on June 15, 1999. (See Lodg. 26-1 at 17-19). Plaintiff alleged he was factually innocent of the charged crimes involving one of the victims, denied effective assistance of counsel, and prejudiced by the testimony of an expert witness as well as by the failure to conduct a new DNA test. Id. Plaintiff alleged that because an expert witness of the San Diego Police Forensic Lab (the expert) was under investigation for multiple felony counts and later convicted, she was not a credible witness. Id. The Superior Court denied relief on July 8, 1999. Id.

On July 22, 1999, Petitioner appealed this denial to the California Court of Appeal, Fourth Appellate District, Division One. (See Lodg. 26-1 at 1). The Court of Appeal denied relief on the merits on November 24, 1999. (See Lodg. 26-2 at 1-2). The Court of Appeal held that Petitioner's claims for prosecutorial misconduct were barred because Petitioner failed to make an objection at trial or raise the issue on appeal. Id. The Court also held that Petitioner's claims for ineffective assistance of counsel failed to demonstrate his attorney had not acted in a reasonably competent or diligent manner. Id. In addition, the Court held that Petitioner's claims against the expert witness failed because "the DNA evidence was not essential to the case and calling it into question does not undermine the prosecution's entire case. Even without the expert's DNA testimony the evidence against petitioner was more than sufficient to convict petitioner." Id.

Petitioner filed an appeal of the Court of Appeal's decision on December 20, 1999 with the California Supreme Court. (<u>See</u> Lodg. 26-3). The Supreme Court denied relief without comment on March 29, 2000. (<u>See</u> Lodg. 26-4 at 1).

Fifteen years later, on February 15, 2015, Petitioner filed another petition for writ of habeas corpus on false evidence grounds with the Superior Court of California, San Diego County. (<u>See</u> Lodg. 26-7 at 1-6). Petitioner alleged he was denied a fair trial because false evidence was presented against him, leading to his conviction. <u>Id</u>. Petitioner argues that this false evidence was substantial and probative as to the issue of guilt. <u>Id</u>. Petitioner explained his fifteen year delay by alleging that he "wasn't aware the Expert for the Prosecution was a criminal nor was Petitioner aware she was convicted of criminal activities." <u>Id</u>. at 6.

The Superior Court denied Petitioner's request on March 31, 2015. (See Lodg. 28-8 at 2-4). The Superior Court reasoned that Petitioner failed to set forth a prima facie statement of facts entitling him to habeas relief. <u>Id</u>. The Court held that absent support, mere conclusory allegations do not warrant relief. <u>Id</u>. In addition, the Court held that Petitioner's claim was successive, noting: "[Petitioner] filed a writ of habeas corpus with the Court of Appeal in 1999, wherein he raised the same claim argued in this petition…Petitioner did not present any grounds for this court to reconsider a claim previous heard and denied. As such the petition is procedurally deficient as successive and duplicative." <u>Id</u>. at 4.

Petitioner appeals this denial to the California Court of Appeal on May 28, 2015. (<u>See</u> Lodg. 12-4 at 2-3). The Court of Appeal denied Petitioner's request as untimely, noting the claim was filed nearly 19 years after sentencing (<u>See</u> Lodg. 12-5 at 1-2).  The Court of Appeal also noted that Petitioner included a newspaper article referencing charges against the expert dated more than 17 years ago. <u>Id</u>. Further, the Court of Appeal held Petitioner must demonstrate that "[the expert's] testimony was objectively untrue and was of such significance that had it not been introduced, there is a reasonable probability of a different result. [Petitioner] made no such showing." <u>Id</u>. at 1.

3

1   Petitioner appealed the Court of Appeals decision to the California Supreme Court.

2   (See Lodg. 12-7 at 1, 3).  Petitioner argued that his right to a fair trial had been violated by

3   the expert's presentation of allegedly false evidence. Id. The petition was denied on

4   October 14, 2015. (See Lodg. 12-6 at 1). The Supreme Court did not provide a discussion,

5   but listed two cases as the basis for its denial: In re Robbins, 18 Cal.4th 770, 780 (1998)

6   and In re Miller, 17 Cal.2d 734, 735 (1941). Id.

7   On December 14, 2015, Petitioner filed the instant Petition. (See Doc. No. 1). This

8   is Petitioner's first federal habeas petition. Petitioner challenges his conviction alleging the

9   same false evidence grounds for relief as his 1999 and 2015 state court petitions. Id. On

10   February 3, 2016, the Court provided Petitioner with a Notice Regarding Possible Failure

11   to Exhaust and One Year Statute of Limitations. (See Doc. No. 6).  On June 9, 2016,

12   Respondent field a motion to dismiss on the grounds that all claims are barred by AEDPA's

13   one-year statute of limitations. (See Doc. No. 11).

14   On November 21, 2016, Judge Burkhardt filed a Report and Recommendation

15   recommending the Court grant Respondent's motion to dismiss. (See Doc. No. 30).

16   Petitioner filed objections to the Report on February 10, 2017. (See Doc. No. 33).

**DISCUSSION**

17

18   **I. Scope of Review**

19   The district court's role in reviewing a magistrate judge's report and

20   recommendation is set forth in Title 28, United States Code, Section 636(b)(1). Under this

21   statute, the district court "shall make a *de novo* determination of those portions of the report

22   . . . to which objection is made," and "may accept, reject, modify, in whole or in part, the

23   findings or recommendations made by the magistrate [judge]." Id. It is well-settled, under

24   Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those

25   parts of a magistrate judge's report to which no specific objection is made, provided they

26   are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

27   //

28   //

4

## II. Analysis

Petitioner alleges violations of his 6th and 14th Amendment rights, claiming that Ms. Lawson presented false DNA evidence that the jury found to be credible and that the jury relied upon in finding Petitioner guilty. (See Doc 1 at 6).

### A. AEDPA

"The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition." Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 1809, 161 L. Ed. 2d 669 (2005); 28 USC 2244(d)(1). Enacted on April 24, 1996, AEDPA applies to convictions finalized thereafter. For convictions that became final before the enactment of AEDPA, the limitation period is deemed to start running on the statute's date of enactment. Calederon v. U.S. Dist. Court for the Cent. Dist. of Cal., 128 F.3d 1283 (9th Cir. 1997).

When an appeal is filed in a state's highest court and the petitioner does not seek relief from the United States Supreme Court, the conviction becomes final on the date that time for seeking *certiorari* expires. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 2002). The time for seeking a writ of *certiorari* from the United States Supreme Court is ninety days after the state's highest court denies the petition for review. Id.; see also Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Therefore, AEDPA's one year statute of limitations begins to run on the date that ninety day period expires. Id.

Here, Petitioner appealed his conviction to the California Supreme Court and received a final decision on June 24, 1998. (See Lodg. 12-2). Petitioner did not file a writ of certiorari with the United States Supreme Court. Id. Therefore, Petitioner's statute of limitations period began to run on September 26, 1998, ninety days after Petitioner completed his direct review in the California Supreme Court on June 24, 1998. Id.

Petitioner filed the instant motion on December 14, 2015, nearly 17 years later. (See Doc. No. 1). Therefore, Petitioner's claim is untimely unless he can show is he entitled to statutory tolling, delayed start date, or equitable tolling.

In his objections, Petitioner argues that California Penal Code 1473 entitles him to relief, in that the Code provides a writ of habeas corpus may be "prosecuted for…false evidence that is substantially material or probative on the issue of guilt or punishment." Cal. Penal Code § 1473 (West). Petitioner argues that the prosecution relied heavily on the expert's testimony to obtain a guilty verdict. (See Doc. 17 at 5). Petitioner also argues that Respondent's argument of untimeliness is contrary to §1473, which entitles Petitioner to seek habeas relief in light of the new evidence submitted to the court.

However, Petitioner's objections are generalized and merely summarize the merits of his claim. In his objection, Petitioner outlines a statement of facts and a statement of the case that contain almost identical arguments as his initial pleading.

This Courts finds that as a result of the lack of specific objections, the Court adopts the Report as a whole. Numerous courts have held that a general objection to the entirety of a Magistrate Judge's report has the same effect as a failure to object. See Alcantara v. McEwen, No. 12-CV-401-IEG DHB, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013); see also Martin v. Ryan, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014); Napier v. Ryan, No. CV-09-02386-PHX-ROS, 2011 WL 744899, at *1 (D. Ariz. Feb. 25, 2011) (noting that "general, non-specific objections" do not require the District Court "conduct de novo review of the entire report"); Garcia v. Nuno, No. 14-CV-00243-BAS(BGS), 2016 WL 1211954, at *4 (S.D. Cal. Mar. 29, 2016) ("Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object.")

Nevertheless, in the interests of justice, this Court turns to why neither statutory tolling, delayed start date, nor equitable tolling are appropriate avenues for Petitioner's claim to circumvent AEDPA's statute of limitations.

### i.   Statutory Tolling

As laid out by the Report, once a petitioner is notified that his petition is subject to dismissal on AEDPA's one-year limitation period, the petitioner bears the burden of demonstrating that limitation period is sufficiently tolled under statutory and/or equitable

6

principles. <u>Smith v. Duncan</u>, 297 F.3d 809, 812-13 (9th Cir. 2002) *overruled on other grounds by* <u>Pace v. Digielmo</u>, 544 U.S. 408, 418 (2005); <u>Johnson v. Lewis</u>, 310 F.Supp. 2d 1121, 1125 (C.D. Cal. 2004) (holding the petitioner has the burden of demonstrating tolling facts). Plaintiff was notified of the one-year statute of limitation period on February 3, 2016. (<u>See</u> Doc. No. 6). Since that time, Plaintiff has failed to make a showing demonstrating the statute of limitations should be tolled.

AEDPA's Section 2244(d)(2) provides for statutory tolling for the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 USC § 2244(d)(2). "The time when a qualifying application is pending shall not be counted towards any period of limitation under this subsection." <u>Id</u>. Tolling applies under Section 2244(d)(2) to one full round of collateral review. <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002).

Here, Petitioner filed his claims in 1999. Petitioner's claims were properly filed. The time during which those claims were pending does not count towards the one year statute of limitations period. Petitioner began his state collateral review by filing his 1999 petition with the California Superior Court, County of San Diego, on June 15, 1999. (Lodg. 26-1 at 17). Petitioner completed his state collateral review when the California Supreme Court denied him relief on March 29, 2000. (See Lodg. 26-4). Petitioner's limitation period under AEDPA was tolled during this first round of state proceedings. Therefore, Petitioner had until March 30, 2001 to file a federal petition.

However, Petitioner did not file his federal petition until 2015. Petitioner cannot rely on his second round of state collateral review to revive his one year statute of limitation period. <u>See Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (holding AEDPA does not permit the "reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); <u>see also Moore v. Crosby</u>, 321 F.3d 1377, 1381 (11th Cir. 2003) (maintaining a state application for post-conviction relief does not revive the one-year state of limitations period if such period has expired).

As such, Petitioner's second round of state collateral review does not revive or restart AEDPA's one year statute of limitations. Therefore, Petitioner's claims are not exempt from AEDPA's statute of limitations based on statutory tolling.

### ii.    Delayed Start Date

AEDPA's Section 2244 permits a later start date if the factual predicate of the claim or claims presented could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). The due diligence time frame begins when one knows or "through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." <u>Ford v. Gonzalez</u>, 683 F.3d 1230, 1235 (9th Cir. 2012); <u>see also</u> <u>Reed v. McGrath</u>, 343 F. 3d 1077, 1082 (9th Cir. 2003). Determining whether one was "diligent" is an objective standard that considers the petitioner's circumstances. *Ford*, 683 F. 3d at 1235.

In the instant case, Petitioner has not directly addressed the untimeliness of his filing. Petitioner fails to make specific mention of this in his objection to the Report. In his initial filing, Petition alleges that he only recently learned of the expert's conviction. However, Petitioner's own filings demonstrate that the Petitioner knew of the expert's conviction in 1999. As the Magistrate Judge notes, Petitioner, throughout 1999, filed claims in state court alleging he had evidence the expert was not a credible witness because she was found guilty of various crimes. (Lodg. 26-1 at 12; 26-2 at 2; 26-3 at 4-5). Therefore, this Court adopts the Magistrate Judge's reasoning that Petitioner knew of the expert's conviction for sixteen years prior to filing the petition. As such, Petitioner's claim that he only recently discovered this evidence is without merit. Petitioner does not qualify for a delayed start date.

### iii.    Equitable Tolling

Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's one-year limitation period, he bears the burden of demonstrating that limitation period is sufficiently tolled under statutory and/or equitable principles. <u>Smith v. Duncan</u>, 297 F.3d 809, 812-13 (9th Cir. 2002) *overruled on other grounds* by <u>Pace v. Diglielmo</u>, 544 U.S. 408, 418 (2005); <u>Johnson v. Lewis</u>, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004)

1 | (holding the petitioner has the burden of demonstrating tolling facts). Petitioner does not
2 | meet this threshold.

3 |       Petitions proceeding under Section 2244(d) may be subject to equitable tolling in
4 | appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). Generally, a litigant
5 | seeking equitable tolling bears the burden of establishing two elements: (1) that he has been
6 | pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
7 | way. Pace, 544 U.S. at 418. As the Magistrate Judge notes, the Ninth Circuit has found
8 | equitable tolling appropriate only in rare circumstances that truly rise to the level of
9 | extraordinary.

10 |       Here, Petitioner's contention that he recently learned of the expert's conviction is
11 | not credible based on the record for this case. There is no "extraordinary circumstance"
12 | before the Court to warrant the applicability of equitable tolling to the Petition. Therefore,
13 | equitable tolling does not apply, and Respondent's Motion to Dismiss is **GRANTED**.

### III. Certificate of Appealability

15 |       Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, which was
16 | amended effective December 1, 2009, a district court "must issue or deny a certificate of
17 | appealability when it enters a final order adverse to the applicant." A state prisoner may
18 | not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of
19 | appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); see also United
20 | States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts
21 | retain authority to issue certificates of appealability under AEDPA).

22 |       A certificate of appealability is authorized "if the applicant has made a substantial
23 | showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this
24 | threshold showing, a petitioner must show that: (1) the issues are debatable among jurists
25 | of reason, (2) that a court could resolve the issues in a different manner, or (3) that the
26 | questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart,
27 | 220 F.3d 1022, 1024-25 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000);
28 | Barefoot v. Estelle, 463 U.S. 880 (1983)).

This Court must decide whether to grant Petitioner a certificate of appealability because denial of the petition constitutes a "final order adverse to the applicant." Based on this Court's review of the Magistrate Judge's Report, Petitioner's general objections thereto, and the entire record in this matter, this Court finds that no issues presented herein are debatable among jurists of reason nor could they be resolved in a different manner. This Court further finds that there are no questions raised that deserve encouragement to proceed further. Accordingly, this Court **DENIES** Petitioner a certificate of appealability.

## **CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's objections [Doc. No. 33] to the magistrate judge's report and recommendation are **OVERRULED**;

2. The findings and conclusions of the magistrate judge presented in the report and recommendation are [Doc. No. 30] **ADOPTED** in their entirety;

3. Respondent's Motion to Dismiss [Doc. No. 11] is **GRANTED**;

4. Petitioner's certificate of appealability is **DENIED**.

DATED:   March 30, 2017

JOHN A. HOUSTON
United States District Judge